

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CONSOLLA STOWERS,<br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration,<br>    Defendant. | §<br>§<br>§<br>§   Civil Action No. 8:17-01629-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER REJECTING THE REPORT AND RECOMMENDATION,
VACATING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIMS FOR BENEFITS,
AND REMANDING THIS CASE**

This is a Social Security appeal in which Plaintiff Consolla Stowers (Stowers) seeks judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (Commissioner), denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm the Commissioner's decision denying Stowers's claim for DIB and SSI. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

1

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Stowers's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on September 10, 2018. ECF No. 25. Stowers filed her sole objection on September 24, 2018, ECF No. 26, and the Commissioner replied on October 9, 2018, ECF No. 28.

Stowers filed her applications for DIB and SSI in November 2013, asserting her disability commenced on May 25, 2013. Stowers's applications were denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Stowers's applications on February 26, 2016. On May 12, 2016, the ALJ issued an unfavorable decision holding Stowers not disabled under the Social Security Act (the Act). Stowers requested review by the Appeals Council and submitted additional evidence for review. The Appeals Council subsequently denied Stowers's request for review of the ALJ's decision. Stowers appealed to this Court on June 21, 2017.

Stowers's sole objection to the Report is the Appeals Council erred in denying review of the ALJ's decision because new evidence, submitted in the form of a letter from Dr. Arthur Smith, justified vacating the ALJ's decision and remanding the claims for a new hearing decision.

2

Stowers contends the Magistrate Judge erred in suggesting this evidence was "duplicative of the evidence that was before the ALJ at the time of the hearing." ECF No. 25 at 29. Having reviewed the record, the Court is unable to say the evidence submitted to the Appeals Council was duplicative of the evidence already in the record. Therefore, the Court will reject the Report and vacate and remand this case to the ALJ for consideration of the new evidence submitted from Stowers's treating physician.

The proper manner and procedure for handling new evidence submitted to an Appeals Council was discussed extensively in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011). When a claimant requests review of an ALJ decision, the Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to the ALJ. *Id*. at 704.

The regulations specifically permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council. *See id*.; see also 20 C.F.R. §§ 404.968, 404.970(b). In such cases, the Appeals Council first determines if the submission constitutes "new and material" evidence that "relates to the period on or before the date of the [ALJ's] hearing decision." *Id*. § 404.970(b). Evidence is new "if it is not duplicative or cumulative" and is material if there is "a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

Where a claimant submits additional evidence that was not before the ALJ when requesting review by the Appeals Council, if the evidence is new and material, the Appeals Council is to evaluate the entire record including the new and material evidence to see if it warrants any change in the ALJ's decision. *See*. 20 C.F.R. § 404.970(b). In this case, the Appeals Council concluded the new evidence was not material and therefore did not provide a basis for changing the ALJ's

3

decision. ECF No. 25 at 28. After careful review of the new evidence, the Court concludes the Appeals Council erred in determining this new evidence was not material, and the Magistrate Judge erred in determining this evidence was duplicative of evidence before the ALJ at the time of the hearing.

Courts should affirm an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council where, even with this new evidence, substantial evidence supports the ALJ's findings. *Meyer*, 662 F.3d at 707; *see also Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996). Conversely, reversal is required if on consideration of the record as a whole, the court "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits…" *Meyer*, 662 F.3d at 707.

The new evidence submitted in the form of a letter from Dr. Arthur Smith dated December 1, 2016, set forth the following information:

- Dr. Smith saw Stowers in May 2012 and last saw her in July 2014.

- Stowers initially complained of decreased strength and sensation in the right lower extremity and has degenerative disc disease in her lumbar spine.

- MRI and NCV studies confirmed L2-3 and L4-5 degenerative disc disease associated with disc protrusion and damage to the lumbar spine.

- Stowers has cervical degenerative disc disease with nerve damage according to the MRI imaging and NCV study of the upper extremities.

- Stowers has radiculopathy in both her arms and legs that is moderate to severe.

- Stowers has gait abnormality and used a cane when Dr. Smith treated her. Dr. Smith prescribed the cane along with physical therapy.
- Stowers would be limited to no more than sedentary work due to her lower extremity radiculopathy. However, Dr. Smith believed she would have difficulty doing even sedentary work.

- If Stowers uses her arms more than occasionally, she would suffer interruptions to her concentration due to neck pain such that she would be off task 20% or more of

>     the work day. She would be unable to use her bilateral hands for fine motor control or any significant lifting or pulling.

The Magistrate Judge's analysis focuses on two primary issues. First, the Magistrate Judge states in the Report the evidence is duplicative of evidence available to the ALJ at the time of the hearing. See ECF No. 25 at 29. Although much of the evidence in the letter was available to the ALJ at the time of the hearing, Dr. Smith's opinion Stowers would have difficulty doing even sedentary work and would suffer interruptions to her concentration such that she would be off task 20% or more during the work day was not available to the ALJ and, thus, not considered by him.

Second, the Magistrate Judge concluded Dr. Smith failed to provide any support for his opinion Stowers would be off task 20% or more during the work day. ECF No. 25 at 30. Similarly, the Magistrate Judge stated Dr. Smith failed to provide any support for his decision Stowers would be unable to use her bilateral hands for fine motor control or any significant lifting or pulling. *Id*.

As Stowers noted in her objection, however, "Dr. Smith explained the diagnostic evidence from Stowers' cervical spine was consistent with the weakness and numbness she complained of and use of her arms would increase her neck pain which is what would cause her interruptions of concentration and being off task." ECF No. 26 at 3-4. Contrary to the Report's conclusions, this explanation, which Dr. Smith was qualified to make as her treating physician, is sufficient support for Dr. Smith's opinions.

Further, according to the Selected Characteristics of Occupations, each job the vocational expert testified Stowers was able to perform requires "frequent" reaching and handling and "frequent" or "occasional" fingering. ECF No. 26 at 4. Thus, the additional limitations in the use of Stowers's hands could make a significant difference. It is uncertain whether a vocational expert

would find the identified jobs suitable if the fact-finder had further limited Stowers's residual functional capacity (RFC) by considering this new evidence.

The Appeals Council erred by failing to properly consider this evidence. As the Court noted above, if a claimant files additional medical evidence with a request for review prior to the date of the Commissioner's final decision, the Appeals Council must consider the additional evidence if it is (a) new (b) material and (c) relates to the period on or before the date of the ALJ's decision. *Wilkins*, 953 F.2d at 95-96 (internal citations omitted). After careful consideration of Dr. Smith's letter, the Court concludes the Appeals Council erred in determining this new evidence was immaterial. The two additional opinions set forth in the letter interpret diagnostic evidence and provide more detail that might reasonably change the ALJ's determination of Stowers's RFC. The Court is simply unable to conclude whether, in light of this new evidence, substantial evidence supports the ALJ's denial of benefits, and therefore, remand is required. *See Meyer*, 662 F.3d at 707. Therefore, the Court will remand this case to the ALJ for consideration of the additional evidence set forth in Dr. Smith's letter.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court **REJECTS** the Report, **VACATES** the Commissioner's decision denying Stowers's claims, and **REMANDS** the case to the ALJ for rehearing in light of the new evidence.

**IT IS SO ORDERED.**

Signed this 25th day of March, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE